IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Alex Abou-Hussein,<br>Plaintiff, | ) ) ) | Case No. 2:09-1988-RMG-BM |
| v. | ) ) ) | **ORDER** |
| Ray Mabus, Secretary of the Navy,<br>Defendant. | ) ) ) ) ) | |

This is a *pro se* action filed pursuant to the Federal Freedom of Information Act ("FOIA").

5 U.S.C. § 552.  As a result, this case was automatically referred to the United States Magistrate

Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and

Local Rule 73.02(B)(2)(g), D.S.C.  The Magistrate has issued a Report and Recommendation that

Defendants's motion for summary judgment should be granted.  (Dkt. No. 40).  The Magistrate

Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and

the serious consequences if he failed to do so.  Plaintiff has filed a memorandum in response to the

Magistrate's Report and Recommendation which purports to object to the R&R.  (Dkt. No. 42).  As

explained herein, this Court agrees with the Report and Recommendation and grants Defendant's

motion for summary judgment and adopts the Magistrate's R&R.  Plaintiff has failed to specifically

object to the Report and Recommendation as he has simply restated the same arguments presented

to the Magistrate in opposition to the motion for summary judgment and in his cross-motion for

summary judgment.

**LAW/ANALYSIS**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff filed his "objections" on July 6, 2010. (Dkt. No. 42).

As directed by the Fourth Circuit, this Court may only consider objections to the Report and Recommendation that direct this Court to a *specific* error. All of Plaintiff's "objections" merely restate word for word or rehash the same arguments presented in his filings related to summary judgment. (*See* Dkt. Nos. 31, 35, 36, 38, 39 *compare with* Dkt. No. 42). Moreover, this Court has reviewed the voluminous Record and concludes that it reflects that with respect to two of the five FOIA requests Plaintiff has filed suit on, he failed to comply with the administrative mechanisms adopted by Congress. Therefore, Plaintiff cannot now complain that FOIA has been violated. Plaintiff is no stranger to the requirements a citizen must comply with pursuant to the Federal Freedom of Information Act. *See Abou-Hussein v. Gates*, 657 F. Supp. 2d 77) (D.D.C. 2009) summarily aff'd, 2010 WL 2574084 C.A.D.C. (June 11, 2010) (noting that certain administrative remedies were not exhausted under FOIA). As to the other three FOIA requests to which this suit

relates, Defendant has relied on well-reasoned grounds for not providing and/or redacting the information sought by Plaintiff. Plaintiff sought information related to a security system which Congress has provided a protection for in exemption 2. *See In Defense of Animals v. National Institutes of Health & Human Servs.*, 543 F. Supp. 2d 70, 81-82 (D.D.C. 2008) (stating that information that would allow an individual to circumvent the law is one area that unquestionably falls under the protection of Exemption 2 of FOIA). Plaintiff also complained that certain personnel and medical files should have been provided. However, FOIA Exemption 6 clearly protects these materials to the extent they were not already publically available in the course of the public bidding process. Moreover, the Affidavit of Rosenbaum states that all of the material items Plaintiff asked for with regard to certain personnel (*i.e.* related to "high ranking personnel") was provided. But taking steps to protect such personal information not available to the public is in line with the policies of the Department of Defense, numerous Federal laws prohibiting the disclosure of such information, and the Rules of this Court. Finally, Plaintiff sought information related to contractor financial data, employee names, and subcontractor firm names which was redacted pursuant to Exemption 4 of FOIA. Defendant's action in this regard were also permissible in order to protect the integrity of the bidding proecss. *See Gavin v. United States Postal Services*, 356 F.3d 588, 591 n. 5 (4th Cir. 2004) (holding that FOIA Exemption 4 protects trade secrets and commercial or financial information obtained from a third party outside the government that is privileged or confidential). In sum, all five of Plaintiff's FOIA requests at issue in this case do not give rise to actionable matters and summary judgment on Plaintiff's claims is proper.

Based on the above authority, the Court finds no error of law made in the Magistrate's Report and Recommendation. Thus, this Court finds that the issues Plaintiff has raised were correctly addressed by the magistrate. This Court will not address the same issues a second time.

## CONCLUSION

After a thorough review of the record, magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety as the Order of this Court and the Defendant's motion for summary judgment is **GRANTED**. *See Lewis v. Eagleton*, 2010 WL 1903986 (D.S.C. May 10, 2010) (adopting the report and recommendation of the magistrate where the petitioner merely rehashed the same arguments presented to the magistrate). Plaintiff's cross motion for summary judgment (Dkt. No. 31) and Plaintiff's motion for sanctions (Dkt. No. 48) are therefore **denied**.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

October 1́8́, 2010
Charleston, South Carolina